UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| DONNA MOORADIAN, et al. | : | CASE NO. 1:17-cv-1132 |
| | : | consolidated with |
| Plaintiffs, | : | CASE NO. 5:17-cv-2154 |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 58] |
| FCA US, LLC, | : | |
| Defendant. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This Court recently consolidated this case with a similar case brought by Plaintiff Brian Frey.[1] Counsel for all Plaintiffs seeks a telephonic conference with the Court to discuss attaching confidential discovery documents received in the Mooradian litigation to Plaintiff Frey's amended complaint.[2] The Court sees no reason for Plaintiff Frey to attach these documents to his complaint. Federal Rule of Civil Procedure Rule 8 only requires "a short and plain statement of the claim" that is "simple, concise, and direct."[3]

The Court therefore **DIRECTS** Plaintiff Frey not to include these documents in his complaint without Defendant's approval. This order is not intended to prevent Plaintiffs from citing to any documents in their dispositive motions or any other relevant filing.

IT IS SO ORDERED.

Dated: November 30, 2017          s/      *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[1] *See* Case No. 17-cv-2154, Doc. 14.
[2] Doc. 58. Defendant opposes. Doc. 59. Plaintiffs reply. Doc. 60. The Mooradian Plaintiffs and Defendant FCA entered into a private contract governing the filing of confidential documents in this case. *See* Doc. 34-2. Defendant FCA argues that filing these documents in Frey's complaint constitutes breach of contract. *See generally* Doc. 60-1. The Court does not consider this hypothetical contractual dispute.
[3] Fed. R. Civ. P. 8(a)(2), (d)(1).